UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

                           Plaintiff,

         - against -

COSMEC, INC.,

                           Defendant.
-----------------------------------------------------------x
COSMEC, INC.,

                           Third-Party Plaintiff,

         - against -

FABREEKA INTERNATIONAL, INC.,

                           Third-Party Defendant.
-----------------------------------------------------------x

05-Civ-7283(CLB)

*Memorandum and Order*

Brieant, J.

       Before the Court for decision are two motions by third-party defendant Fabreeka International, Inc ("Fabreeka"). The first is a motion to strike Plaintiff's pleadings pursuant to Fed. R. Civ. P. 37(b) on the grounds of spoliation of evidence. (Doc. 47). The second motion is for summary judgment pursuant to Rule 56. (Doc. 57).

       The facts presented below are assumed to be true for the purposes of these motions only.

       On or about March 2, 2001, New Rochelle Contracting Corp. ("NRCC") entered into a

written agreement with the Thruway Authority of the State of New York ("TANY") for the replacement of six bridges over the New York State Thruway in Yonkers.  Plaintiff, American Manufactures Mutual Insurance Company (AMM), was the surety of the bridge project.  NRCC placed an order for fixed and expansion bearings with Defendant and third-party plaintiff Cosmec, Inc., ("Cosmec") which then supplied the bridge bearings.  The bearings were manufactured by third-party defendant Fabreeka International, Inc. ("Fabreeka"). Compl. ¶¶ 1-7.

This case stems from the alleged failure of the pre-formed fabric bearings that were supplied to the contractor by Cosmec and manufactured by Fabreeka for the TANY project.  The bearings pads which are intended to act as a cushioned shock absorber between the substructure and the superstructure of the bridge, allowing expansion and contraction.  The pads are made of cotton duck impregnated with rubber and cut to the appropriate size. In order to meet the contract specifications requiring the pads to be 1 ½ inches in diameter, Fabreeka "glued" two separate pads together.[1] Plaintiff alleges that the pads failed because the glued joints of many of the pads came apart.

Employees of Defendant Cosmec visited the job sites after the alleged failure of the bearings.  They reported that "[i]nitial review indicates there exists substantial de-lamination within the pads located in all of the structures where the bearings have been installed."  The report further explained that, where the bearings were installed, the majority of the pads had

---

[1] Defendant Cosmec claims that no known company makes pads of this thickness in one piece.

either completely or partially separated.  The report explained that workers at the site described the failure as having occurred during the "pouring of the deck" of the bridge.  The workers who were present during the apparent failure reported to Cosmec's investigators that:

> "during this operation the camber came out of the girders all at once.  There was an actual 'pop' when the camber came out (it was not gradual), which also caused some of the wooden bracing to let go.  Some of the girders ended up with reverse camber. *This undoubtedly transferred extreme one time loads to the bearings*." (Emphasis added.)

After this incident, the surety sent the pads to Phoenix Labs for testing. These tests reportedly led lab technicians to believe "that the Fabreeka pads met the specifications required for the project."

Plaintiff brought this action against Cosmec by filing a complaint in New York Supreme Court, Westchester County, on July 12, 2005, alleging one cause of action for breach of contract. Cosmec filed a notice of removal on August 18, 2005. (Doc. 1). Cosmec also filed a third-party complaint against Fabreeka on August 23, 2005, asserting claims for breach of contract, breach of merchantability, breach of warranty for a particular purpose, and for contribution and indemnity. (Doc. 5).

On May 25, 2007, the parties appeared in this Court to argue motions that had been filed by Defendants.  The first motion was Defendant Cosmec's renewed motion *in limine* to preclude Plaintiff's Expert's Supplemental Report.  In that motion, Cosmec argued that the expert's conclusions were not scientifically valid and did not satisfy the standards for admissibility required by the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals*, 509

U.S. 579 (1993). The Court denied that motion in its entirety by oral decision on May 25. (Tr. 34.)

The second motion was Fabreeka's motion to strike Plaintiff's pleadings pursuant to Rule 37 of the Federal Rules of Civil Procedure based upon Plaintiff's alleged spoliation of evidence. (Doc. 47). Cosmec joined Fabreeka in the motion to strike. (Doc. 48).

During oral argument, the Court indicated to the parties that it did not believe that Plaintiff acted with the requisite intent required to find that its actions constituted spoliation of evidence. (Tr. 7). The Court did note, however, that Plaintiff might have difficulties carrying its burden of proof in regard to defectiveness of the pads, and that the case might be ripe for a motion for summary judgment based on the issue of ultimate liability, based upon its handling of the physical evidence. (Tr. 9-10).

The Court also inquired as to how Fabreeka, as a manufacturer and third-party defendant, could be held liable if it sold the pads as a standard product, without notice of the TANY specifications. The Court invited Fabreeka to submit papers on this issue, and allowed Cosmec to respond. The Court stated that it would consider the Rule 37 motion now to be a Rule 56 motion on the issue of Fabreeka's liability as manufacturer of the pads.

On June 8, 2007, Fabreeka filed a motion for summary judgment pursuant to Rule 56 of

4

the Federal Rules of Civil Procedure. (Doc. 57).[2]  In that motion, Fabreeka seeks a grant of summary judgment in its favor based on two arguments.  First, it argues that:

> "[t]he testimony and documentary evidence all serve to establish that Fabreeka was asked to fill a standard order for Fabreeka pads.  The sole requirement was the pads comply with a single AASHTO specification, 18.4.10.1. ... It is undisputed that pads provided by Fabreeka were in compliance with AASHTO specification. 18.4.10.1.  Given these facts, it is respectfully submitted that this Court should issue an order granting summary judgment in favor of Fabreeka."

Second, Fabreeka argues that it is entitled to summary judgment because, as a result of Magistrate Judge Smith's Order of May 25, 2007, Plaintiff cannot offer evidence that it needs to establish its *prima facie* case.

Defendant and third-party plaintiff Cosmec argues that summary judgment should not be granted in favor of Fabreeka unless Plaintiff's entire case is dismissed.  Cosmec argues that the evidence shows that the pads provided by Fabreeka were not of a fixed size, that Fabreeka had knowledge of the TANY project specifications, and that, rather than being standard, off-the-shelf products, the pads were custom made according to Cosmec's specifications.  Cosmec offers evidence, including literature distributed by Fabreeka to potential customers and order forms, to support its argument that "Fabreeka's literature also warranted that Fabreeka pads met the AASHTO specification and Fabreeka certified to Cosmec that the pads they delivered met that

---

[2] Fabreeka refers to the new submission as a "Supplemental Affirmation in Support of Rule 56 Motion for Summary Judgment."  However, it is listed on the Docket sheet as a new, separate motion for summary judgment.  Therefore, the Court refers to the submission as a separate motion, rather than as a supplemental submission in further support of the converted Rule 37 motion.

specification, as well.  Fabreeka also affirmed to Cosmec that the pads met all project specifications, including those listed on the TANY drawings." Cosmec. Mem. 11-12.

Fabreeka cites no law in support of its argument, but merely asserts that "pads provided by Fabreeka were in compliance with AASHTO specification. 18.4.10.1."  Whether it was in compliance with any specification is central to the controversy in this case, and it is hardly undisputed. The Court holds that Cosmec has offered evidence creating at least a triable issue of fact on the issue of whether Fabreeka created the pads with knowledge of the project specifications well beyond AASHTO.  Fabreeka has failed to offer sufficient evidence to support a motion for summary judgment as to its liablitity to Cosmec in the event that the pads are found to be defective.  Therefore, Fabreeka's motion for summary judgment is denied to the extent that it seeks to dismiss the third-party complaint.

Both Fabreeka and Cosmec also purport to move for summary judgment against Plaintiff. They argue that recent orders by Magistrate Smith make it impossible for Plaintiff to establish a prima facie case, because the chain of custody of the allegedly defective pads cannot be established.  However, Plaintiff has not been given an opportunity to respond to such a motion. The Court directed supplemental papers on the issue of Fabreeka's liability as third-party defendant, and expansion of that motion against Plaintiff without adequate notice would be prejudicial and unfair.  Therefore, the summary judgment motion is denied to the extent that it seeks dismissal of Plaintiff's complaint.

*Motion to Strike Pleadings based on Spoliation*

Because Fabreeka's supplemental submission is listed as a new motion, the pending Rule 37 motion to strike remains unchanged. Defendant Fabreeka moved pursuant to Rule 37(b) of the Federal Rules of Civil Procedure to strike Plaintiff's pleadings because of what it claims is spoliation of evidence. Magistrate Judge Smith ordered that Plaintiff produce, no later than April 18, 2007, "any and all information, including affidavits if any, with regard to any of the chain of custody [of the pads.]" Fabreeka claims that Plaintiff violated Magistrate Judge Smith's order:

> "by failing to keep, maintain, preserve and provide vital information establishing 1) the chain of custody of all the pads in question, including but not limited to the specific and precise location from where they were taken; 2) the orientation of the pads when removed; 3) the origin of the pads produced for defendant's testing; 4) the origin of the pads tested by plaintiff's expert."

Our Court of Appeals has stated that "spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. It has long been the rule that spoliators should not benefit from their wrongdoing." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) Defendant Fabreeka has not demonstrated that Plaintiff acted with the necessary intent so that its handling of the pads could be described as "wrongdoing", sloppy though that handling may have been. The motion to strike Plaintiff's pleadings based on spoliation is therefore denied.

A status conference with counsel will be held on October 26, 2007 at 10:00 A.M.

SO ORDERED.

Dated: White Plains, New York
September 4, 2007

                                                *Charles L. Brieant*
                                                Charles L. Brieant, U.S.D.J.